**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aguila Property One LLC, | No. CV-19-01289-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Francis J Slavin PC, | |
| Defendant. | |

Pending before the Court is the parties' joint request for a protective order. (Doc. 40). The parties seek a protective order for three broad categories: 1) financial, private, proprietary, technical, or commercially sensitive information subject to the protections of A.R.S. §§ 32-749 and 44-401 or other applicable law; 2) social security numbers or driver's license numbers and Protected Health Information (PHI) as defined under the Health Insurance Portability & Accountability Act of 1996; and 3) information that is required to be kept confidential due to preexisting contractual obligations. (Doc. 40-1 at 1-2).

Preliminarily, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking

protection "must make a 'particularized showing of good cause with respect to [each] individual document.'" *Id.* (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

In this case, the parties have purported to narrow their request into three categories, but the categories are too broad to qualify for protection under Rule 26. Further, the parties have not shown how the categories are specific to this case.

Taking the first category, the two statutes cited deal with accountants and trade secrets. In this legal malpractice action, the Court does not see how either of these statutes would be implicated in discovery. Moreover, with respect to any accountant confidentiality, to the extent the documents contain the information of one of the parties, rather than a third party, typically by affirmatively putting the advice or documents at issue in a case, privilege is waived. *U.S. v. Kerr*, 2012 WL 2919450, at *1 (D. Ariz. July 17, 2012). Finally, "or other applicable law" is too broad to meet Rule 26.

Taking the second category, social security numbers may be redacted under the Federal Rules of Civil Procedure without prior court order. Fed. R. Civ. P. 5.2. The Court is unclear why driver's licenses numbers would be disclosed in this case, but nonetheless those may be redacted. Finally, the parties have made no showing why information that is covered by HIPAA would be disclosed in this legal malpractice action. Accordingly, the parties have failed to justify protection for this category.

Finally, the Court will not incorporate by reference an unknown number of contracts and make the confidentiality provisions therein enforceable by Court order. If the parties determine that they must disclosure information the disclosure of which would violate their contractual obligations, they must seek relief from those obligations under the terms of those contracts and not through this Court.

/ / /

/ / /

/ / /

/ / /

Based on the foregoing,

**IT IS ORDERED** that the stipulation for entry of a protective order (Doc. 40) is denied (without prejudice) except that driver's license numbers may be redacted.

Dated this 10th day of January, 2020.

James A. Teilborg
Senior United States District Judge